# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| VISHAKHA PATEL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-1443 |
| ) | |
| MEGAN J. BRENNAN, ) | |
| U.S. POSTMASTER ) | |
| GENERAL, ) | |
| ) | |
|    Defendant. ) | |

## ORDER

Presently before the Court is Defendant Megan J. Brennan, U.S. Postmaster General's, ("Defendant") Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff, Vishakha Patel, was born in India in 1959 and moved to the United States as a young adult. She worked for the United States Postal Service ("USPS") from 1989 until her employment was terminated in 2014. In the fall of 2013 Plaintiff was transferred from Chicago, Illinois, to the USPS Processing and Distribution Center in Peoria, Illinois. Immediately after being transferred, Plaintiff claims she subjected to ongoing discrimination based on her age and race. Plaintiff contends the discrimination culminated in her termination, which involved an unapproved extended vacation in India in January 2014.

Plaintiff attempts to take a trip to India to visit her parents and family every few years, usually during the winter months. Plaintiff's employer approved her vacation request to take January 1, 2014, through January 19, 2014, off for her trip to India, and she scheduled to return to

work on January 22, 2014. On January 22, 2014, Plaintiff did not show up for her shift, or notify her employer that she was not going to be there. About halfway through that shift, Plaintiff called her employer and told them she had become ill and was unable to travel back from India. As a result, she was going to be requesting an additional eighty-hours sick leave in order to recover and make the return trip home.

On February 5, 2014, Plaintiff returned to work with a note from a doctor in India stating she was under his care for a fever and cold between January 22, 2014, and February 1, 2014, and that she was released to travel on February 2, 2014. Plaintiff alleges her employer did not accept her doctor's note because it was not from a physician licensed to practice in the United States. Plaintiff's employer later discovered Plaintiff's tickets to India were for a five-week trip, not three-weeks as she had initially requested. Following Plaintiff's termination, she filed a Charge with the Equal Employment Opportunity Commission ("EEOC")[1], who upheld Plaintiff's termination for giving false evidence. Specifically, the EEOC found Plaintiff was not truthful about purchasing a ticket for a five-week trip to India. A Right-to-Sue Notice was issued on September 13, 2018.

## PROCEDURAL HISTORY

On December 12, 2018, Plaintiff filed a Complaint with this Court alleging various claims of employment discrimination based on race and age in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, against USPS, the U.S. Postmaster General, and several other individuals in management positions at the USPS facility in Peoria, Illinois. On August 1, 2019, this Court entered an Order dismissing all Defendants besides the U.S. Postmaster General and dismissing Plaintiff's

---

[1] This Court does not have any records relating to Plaintiff's case filed with the EEOC. All information comes from the allegations included in Plaintiff's Amended Complaint. (D. 22).

2

conspiracy claim. On August 13, 2019, Plaintiff filed an Amended Complaint against the U.S. Postmaster General again alleging various forms of discrimination, which is presently pending before the Court.

Over the last four years the Court has entered four discovery plans (dated 05/03/2019; 6/15/2020; 12/01/2020; and 05/24/2021) none of which have been followed. Defendant completed their responses to Plaintiff's written discovery requests in October 2020, producing over 4,000 pages of records. According to Defendant's Motion to Dismiss for Want of Prosecution, Plaintiff still has not provided a complete response to the two sets of written discovery Defendant served on Plaintiff in July 2020 and May 2021. Defendant also requested Plaintiff execute a HIPAA release form so that they could obtain their own copies of Plaintiff's medical records in June 2021, which Plaintiff never signed and returned. In addition to written discovery, the parties anticipate needing to depose 10-20 fact witnesses and Plaintiff's medical providers.

One month prior to discovery closing, and after Plaintiff's deadline to disclose expert witnesses under the fourth discovery plan, Plaintiff's counsel filed a Motion to Dismiss pursuant Federal Rule of Civil Procedure 41(a). Plaintiff's Motion sought voluntary dismissal without prejudice due to attorney turnover, which purportedly left Plaintiff's then-counsel Hale & Monico, LLC, unable to continue representing the Plaintiff. The Court denied Plaintiff's Motion, stating:

> At the time Plaintiff's Motion to Dismiss was filed on November 19, 2020, the deadline to complete discovery was December 30, 2021. In addition to written discovery not being done, there is also no evidence that any depositions have been taken or expert disclosures have been made. Due to the lack of progress, it is clear the Court will again be asked to vacate and reset deadlines regardless of whether Hale & Monico LLC remain in this case as counsel. As a result, Plaintiff's reason for requesting voluntary dismissal in the interest of judicial economy "[r]ather than striking and/or extending all deadlines" while Plaintiff attempts to retain new counsel is unpersuasive. Furthermore, this Court finds voluntarily dismissal is not in the interest of justice due to the age of the case and the underlying claims, which would be almost a decade old should Plaintiff refile this case a year from now. Rather, justice and the judicial economy would be better served if the matter was

>   stayed for a significantly shorter period of time – *i.e.* sixty to ninety days, should Hale & Monico LLC pursue a motion to withdraw as counsel and that motion is granted.

(D. 44, p. 4).

Plaintiff's counsel filed a Motion to Withdrawal, which was granted on January 27, 2022. The Court gave Plaintiff three months to retain new counsel and set the case for a status conference on April 1, 2022. At the April 1, 2022, conference Plaintiff had not secured new counsel. The Court directed Defendant to re-send all prior discovery requests to Plaintiff, and Plaintiff was directed to respond by May 16, 2022.

On August 3, 2022, Defendant filed this present Motion to Dismiss for Lack of Prosecution, claiming Plaintiff has failed to participate meaningfully in the discovery process resulting in prejudice to Defendant. On August 5, 2022, Plaintiff informed the Court that she was leaving for India later that month and would not return until February 2023. The Court warned Plaintiff that she would be expected to participate in this litigation while she out of the country. Plaintiff filed a Response to Defendant's Motion to Dismiss on August 22, 2022, which was unresponsive as to Plaintiff's failure to comply with discovery requests and deadlines.

A telephone hearing on Defendant's Motion to Dismiss was held on October 3, 2022. At the start of the hearing the Court asked Plaintiff if she was fluent in the English language. Plaintiff initially seemed unable to understand or respond. Defendant's attorney then informed the Court that Plaintiff had participated in all prior hearings before Magistrate Judge Hawley. Plaintiff then confirmed "yes" she is fluent in English. After hearing argument, the Court directed Defendant to file a supplemental report detailing the dates which Defendant had sent request for a HIPAA release to Plaintiff and Plaintiff's counsel. The Court also directed Plaintiff to file a letter with the

Court explaining why she went to India while she had a case pending. Those documents have been received and this Order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "A Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018).

The Seventh Circuit has directed district courts to consider six factors when deciding a Rule 41(b) motion: (1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit; (2) the apportionment of responsibility for those failure between plaintiff and his counsel; (3) the effect of those failure's on the judge's calendar and time; (4) the prejudice, if any, to the defendant cause by the plaintiff's dilatory conduct; (5) the probable merits of the suit; and (6) the consequences of dismissal for the social objective of the type of litigation that the suit represents. *McMahan v. Deutsche Bank AG,* 892 F.3d 926, 931-32 (7th Cir. 2018) (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 908 (7th Cir. 2003)).

## DISCUSSION

The history of this case, as evidenced in the record and Defendant's motions, presents a clear record of delay by both Plaintiff's prior counsel and the Plaintiff. This case was filed almost four years ago and remains in the written discovery phase. Despite repeated attempts by Defendant, Plaintiff has yet to fulfill her obligation to fully respond to Defendant's discovery requests, execute a HIPAA release, or take steps toward completing depositions. The Defendant has done its part to

move this litigation along, completing responses to Plaintiff's written discovery over two years ago.

In opposition to the present motion, Plaintiff offers no response. Rather she attempts to reargue unrelated issues that were previously addressed by this Court. As stated above, four discovery schedules have been entered by the Court and Plaintiff has repeatedly failed to comply with those orders. While the Court recognizes some of the delays were caused by a global pandemic and others are attributable to Plaintiff's prior counsel, Plaintiff has represented herself for the last ten months and has not taken any steps to actively prosecute her case. Most significantly, Plaintiff decided to leave to the country for six months knowing Defendant has had ongoing issues with her fully responding to written discovery and that there are numerous witnesses that cannot be deposed until after she returns in February 2023. Plaintiff leaving the country for six months also blatantly disregards this Court's expressed concern of the prejudicial effects of continuous delays in a case this old, which was the basis for denying Plaintiff's Motion for Voluntarily Dismissal.

The Court also questions Plaintiff's reason for leaving the country for an extended period. Plaintiff filed a letter on October 17, 2022, stating she is in India for a religious retreat. However, her Amended Complaint clearly states that she goes to India to visit family every few years during the winter months. Regardless, this Court warned Plaintiff in its Order denying her Motion for Voluntary Dismissal that delaying this case for another year would be prejudicial, and yet, almost a year later, the case has not progressed.

This Court can also find no justification as to why Plaintiff has refused to execute the HIPAA release Defendant sent to Plaintiff's counsel in June 2021. At the October 3, 2022, hearing Plaintiff told the Court her attorneys never gave her the HIPAA release to sign. However, Plaintiff

subsequently filed a letter with the Court stating she is in possession of the correspondence between her prior counsel and Defendant, which certainly would include discussion of the HIPAA release issue. This was not disclosed to the Court during the October 3, 2022, hearing. Plaintiff also failed to disclose that Defendant had sent her a letter in April 2022 outlining the deficiencies in Plaintiff's discovery responses and Defendant's prior attempts to have Plaintiff execute a HIPAA release. While the letter stated Defendant is no longer willing to obtain Plaintiff's medical records, it is clear Plaintiff knew or should have known about Defendant's prior attempts to obtain a HIPAA release.

Due to Plaintiff's failure to respond to Defendant's discovery requests, the Court cannot state what, if any, merit there is to Plaintiff's claims. Accepting all well-pleaded facts in the Amended Complaint as true, Plaintiff requested three-weeks of vacation from her employer but had a five-week ticket booked for her trip to India. While she claims she had no intention of staying for more than three weeks prior to becoming ill, there is no evidence she made any plans to return in time for her scheduled shift or contact her employer prior to the start of her scheduled shift on January 22, 2014.

Upon consideration of all factors discussed in *McMahan,* applied to the records and all circumstances of this case, the Court finds dismissal under Rule 41(b) to be appropriate.

## CONCLUSION

Based on the foregoing, Defendant's [58] Motion to Dismiss for Failure to Prosecution pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED. Plaintiff's case is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to enter judgment in favor of Defendant, and against Plaintiff. This matter is now terminated.

ENTERED this 2nd day of November, 2022.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge